# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE EDWARD COLLINS, III,<br><br>  Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO DCSS,<br><br>  Defendant. | Case No.: 17cv2467-MMA (KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2] |

On December 8, 2017, Plaintiff Joe Edward Collins, III ("Plaintiff"), proceeding *pro se*, filed this action against the County of San Diego DCSS. *See* Doc. No. 1. Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). *See* Doc. No. 2. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to proceed IFP.

## DISCUSSION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir.

1965). A party need not be completely destitute to proceed in forma pauperis. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, Plaintiff did not sign the affidavit in support of his application to proceed IFP. *See* Doc. No. 2 at 1. Thus, Plaintiff has not certified under penalty of perjury that he is unable to pay the costs associated with litigating this action. Plaintiff's failure to sign the affidavit in support of his IFP application is sufficient grounds to deny Plaintiff's Application. Further, Plaintiff indicates on the application that his average monthly income is $3,669.62, yet Plaintiff's total monthly expenses are $90.00. *See id.* at 1, 6. As such, it does not appear that Plaintiff is entitled to the relief he requests.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion to proceed IFP and **DISMISSES** this action without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a). Plaintiff may re-open his case by paying the $400 statutory and administrative filing fee within **fourteen (14) days** from the date this Order is filed. If Plaintiff fails to pay the $400 filing fee within 14 days, this action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: December 14, 2017

HON. MICHAEL M. ANELLO
United States District Judge