**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOE EDWARD COLLINS, III,<br><br>Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO DCSS,<br><br>Defendant. | Case No.: 17cv2467-MMA (KSC)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>[Doc. No. 8] |

On December 8, 2017, Plaintiff Joe Edward Collins, III ("Plaintiff"), proceeding *pro se*, filed this action against Defendant County of San Diego[1] ("Defendant"). *See* Doc. No. 1 (hereinafter "Complaint"). It appears that Plaintiff alleges one claim pursuant to 42 U.S.C. § 1983 for actions that Defendant allegedly took to enforce and collect Plaintiff's court-ordered child support obligations. *See* Complaint at 3. Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). *See* Doc. No. 8-1. Plaintiff did not file an opposition to Defendant's motion. The Court found the matter suitable for determination on the papers

---

[1] Defendant was erroneously sued as "County of San Diego DCSS."

and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 10. For the reasons set forth below, the Court **GRANTS** Defendant's unopposed motion.

### DISCUSSION

In his Complaint, Plaintiff claims that he wants the Court "to terminate the default child support order, disestablish paternity which derived from the default order," and require Defendant "to pay damages of $100,000,000.00." Complaint at 11.[2] With respect to subject matter jurisdiction, Defendant first argues that the Court should dismiss Plaintiff's Complaint based on the *Rooker-Feldman* doctrine. *See* Doc. No. 8-1 at 5. Defendant further contends that Plaintiff's Complaint is subject to dismissal based upon *Younger* abstention principles. *See id.* The Court addresses Defendant's subject matter jurisdiction arguments in turn.

   1.   **Rule 12(b)(1)**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Without subject matter jurisdiction, a federal court is without "power" to hear or adjudicate a claim. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)); *Kokkonen*, 511 U.S. at 377. Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

   2.   **The *Rooker-Feldman* Doctrine**

"The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit

---

[2] Citations to this document refer to the pagination assigned by the CM/ECF system.

in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (citing *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)). In order to determine whether the doctrine applies, district courts "first must determine whether the action contains a forbidden de facto appeal of a state court decision." *Id.* (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.' In contrast, if 'a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction.'" *Id.* (citing *Noel*, 341 F.3d at 1164). Even if a plaintiff seeks relief from a state court judgment, a suit constitutes a "forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court." *Id.*; *see also Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("[A] plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state court as the basis for that relief").

If a plaintiff seeks to bring a forbidden de facto appeal, that plaintiff "may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the de facto appeal is brought." *Bell*, 709 F.3d at 897 (citing *Noel*, 341 F.3d at 1158). However, the "inextricably intertwined" language "is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis. Should the action *not* contain a forbidden de facto appeal, the *Rooker-Feldman* inquiry ends." *Id.* (emphasis in original) (internal citation omitted).

Here, the Court finds that it lacks subject matter jurisdiction over Plaintiff's case. At its core, Plaintiff's claim centers on his court-ordered child support obligations. Specifically, Plaintiff requests that the Court "terminate the default child support order" and "disestablish paternity which derived from the default order[.]" Complaint at 11. Moreover, Plaintiff alleges that Defendant "fail[ed] to adhere to" applicable "law governing [the] child support program to default the Injured Party of [sic] into a personal

responsibility contract failing to address that this program is voluntary." *Id.* at 5. In order for the Court to adjudicate Plaintiff's claim, the Court would have to determine whether the state court correctly entered judgment against Plaintiff and ordered him to pay child support. "In other words, Plaintiff seeks to challenge, here in federal court, adverse rulings in state court. This is precisely the type of case *Rooker-Feldman* bars." *Hucul v. Mathew-Burwell*, No. 16-CV-1244-JLS-DHB, 2017 WL 476547, at *4 (S.D. Cal. Feb. 6, 2017); *see also Nadolski v. Winchester*, No. 13-CV-2370-LAB-DHB, 2014 WL 3962473, at *4 (S.D. Cal. Aug. 13, 2014) ("It is well-established that when a plaintiff brings a claim to federal court that challenges the outcome of proceedings in family court, such a claim is barred by the [*Rooker-Feldman*] doctrine."); *Mellema v. Washoe Cnty. Dist. Atty.*, No. 12-CV-2525-GEB-JKN-PS, 2012 WL 5289345, at *2 (E.D. Cal. Oct. 23, 2012) (finding that the plaintiff's claims against the county seeking cancellation of child support payments and reversal of a custody decision in state court were barred by the *Rooker-Feldman* doctrine), *report and recommendation adopted by* 12-CV-2525-GEB-JKN-PS (E.D. Cal. Nov. 29, 2012) (Doc. No. 6).

Accordingly, the Court finds that it lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and **GRANTS** Defendant's motion to dismiss. *See Moore v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013) (affirming dismissal on *Rooker-Feldman* grounds a federal suit arising out of a state court divorce and child custody proceedings); *Gomez v. San Diego Family Ct.*, 388 F. App'x 685 (9th Cir. 2010) (affirming dismissal of action challenging state court custody decision under *Rooker-Feldman*); *Sareen v. Sareen*, 356 F. App'x 977 (9th Cir. 2009) (affirming dismissal of action alleging constitutional violations in plaintiff's child custody proceedings under *Rooker-Feldman*).

### 3. *Younger* Abstention

Further, even if Plaintiff's claim was not barred under the *Rooker-Feldman* doctrine, the Court finds that it must abstain from hearing this case based on the Supreme Court's ruling in *Younger v. Harris*, 401 U.S. 37 (1971).

"The Supreme Court in *Younger* 'espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.'" *H.C. ex rel. Godon v. Koppel*, 203 F.3d 610, 612 (9th Cir. 2000)(quoting *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate federal claims." *Id.* (quoting *San Remo Hotel v. City of S.F.*, 145 F.3d 1095, 1103 (9th Cir. 1998)).

Here, Plaintiff admits that the first requirement is satisfied by way of requesting that the Court "terminate the default child support order." Complaint at 11; *see also id.* at 13 (order from state court dated June 7, 2017 appointing attorney to represent Plaintiff). The second requirement that important state interests are implicated is similarly satisfied because "[f]amily relations are a traditional area of state concern." *Koppel*, 203 F.3d at 613 (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience." *Id.* (internal citation omitted). The third requirement is satisfied because "Plaintiff indisputably has an adequate forum in which to pursue his federal claims, since San Diego Superior Court is a court of general jurisdiction." *Hucul*, 2017 WL 476547, at *6. As Defendant points out, "Plaintiff may directly appeal the judgment in the pending family court case." Doc. No. 8-1 at 6. As such, the Court concludes that "[t]his is precisely the type of case suited to *Younger* abstention." *Koppel*, 203 F.3d at 613.

Accordingly, the Court finds that *Younger* abstention is appropriate and **GRANTS** Defendant's motion to dismiss.[3]

---

[3] Because the Court finds that it lacks subject matter jurisdiction, the Court need not address Defendant's remaining arguments regarding Plaintiff's failure to state a claim pursuant to Rule 12(b)(6) or insufficient service of process pursuant to Rule 12(b)(5).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's unopposed motion to dismiss and **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction without prejudice and without leave to amend.[4] The Clerk of Court is instructed to terminate the case and enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: March 22, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[4] "Dismissals for lack of jurisdiction 'should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.'" *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988)).